PEOPLE, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in a Prosecution
for Conspiracy.

No. 1095.—Decided January 22, 1917.

CONSPIRACY — INCENDIARISM — INSURED PROPERTY — EVIDENCE — MEETING OF
MINDS.—In this case it was shown that the defendants, father and son,
were the owners of a store; that the store was set on fire by human con-
trivance and not by accident; that the floor was covered with rum or alcohol
and there were open cans of kerosene and bags and brooms saturated with
the same, all connecting or communicating; that on the night of the fire
the defendants were never apart either before or after the fire; that they
usually slept in the house, but did not do so on the night of the fire;
that no cooking was done in the house; that on the night of the fire they
ate upstairs, where preparations of combustible material similar to that in
the store were also found; that the financial condition of the defendants
was bad and they were heavily insured. *Held:* That there was sufficient
proof of conspiracy to commit the crime of fraudulent destruction of the
insured property, a meeting of minds having been shown, and that this case
is unlike that of *People v. Cofresi*, 22 P. R. R. 696, in which no relation
existed between the parties from which a joint action could be inferred and
no common interest or agency was shown, the evidence in that case being
entirely consistent with the fact that the owner of the store acted alone
without the assistance of the clerk, the other defendant.

NONSUIT—EVIDENCE OF DEFENDANT—WAIVER.—When the defendant introduces
evidence after his motion for nonsuit has been overruled, he is considered to
have waived the motion.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A policeman on duty going his rounds in Caguas, on Feb-
ruary 16, 1916, at 1 a. m., noticed smoke slowly issuing out
of the lower story of the house where P. González & Son had
their store. The policeman tried to alarm the inhabitants
of the house, but nobody answered, so he summoned the aid
of others, including policemen and firemen, and an entrance
was forced. The men had to pause at the entrance on account
of the blinding smoke. Through another opening (*rastrillo*)
the fire was located and extinguished, and not until then could

the firemen and police enter. There was rum or alcohol on the floor and open cans of gasoline. The floor was saturated with an inflammable substance, probably alcohol, and there were bags impregnated with gasoline lying about and brooms similarly treated and all more or less communicating or connecting. In short, clear evidence that the place had been fired, not by accident, but by human contrivance. Plácido González and José González, father and son, the proprietors of the place and partners in the business, were arrested and charged with conspiracy. The conspiracy alleged was the commission of the crime of fraudulent destruction of insured property by setting fire to a house and contents of a shop. In addition to the facts we have recited, there was evidence in chief at the trial tending to show that the defendants usually slept in the house, although they were not clearly shown to be there immediately previous to the discovery of the fire at 1 a. m. There was no cooking done in the house, but the defendants had their meals brought to them and they ate upstairs. There was evidence in chief tending to show that the defendants had eaten upstairs on the night of the fire, and in the room where they ate preparations of combustible material similar to those placed in the store were found by the investigators after the fire. Preparations were found elsewhere upstairs. The defendants, the evidence showed, were suffering financial embarrassments, and hence in need of money, and were heavily, if not over, insured.

At the close of the evidence in chief the defendants made a motion for nonsuit on the ground that there was no proof of conspiracy, but only that goods had been burned apparently to obtain the insurance. Perhaps the proof was somewhat deficient, inasmuch as it only tended to show that one or the other or both of the defendants had fired the place, which is not quite the certainty or the circumstantial evidence of conspiracy that the law requires. However, the court overruled the motion and the defendants presented testimony. We have decided in civil cases that where a defendant pre-

sents his evidence after the overruling of the motion for non-suit, he waives the motion. Díaz v. Rivera, 19 P. R. R. 527, and cases cited therein, and Príncipe v. American Railroad Co., 22 P. R. R. 285. For like reasons the rule is applicable in criminal matters.

José G. González, the son, took the stand in behalf of the defendants. He gave testimony tending to show that both defendants had eaten in the house on the evening of the fire and that they left the house together on that night at 8.30 p. m.; that they went to see the conflagration at Naguabo and only came back at 1.30 a. m., when they found the place on fire. According to this testimony they were never apart.

This completed the chain of circumstantial evidence to implicate both defendants. The defendants attempted to explain their financial condition; denied their complicity, but the court found against them. The conflict in the testimony was resolved by the court below and not only do we find no reason for doubting its resolution, but as we have indicated, we think that there was sufficient evidence of conspiracy, the real error assigned on appeal being the failure to prove a conspiracy.

The court below very well points out that the meeting of minds can seldom be directly shown. In this case a clear motive, unmistakable preparations and practically exclusive opportunity were shown, along with the fact that they were together during all the time that the preparations could have been made. The defendants suggested the action of enemies, but they were no more specific than to say that all merchants had them. Given their presence in the house a short time before the discovery of the fire, the court was not even bound to believe that the defendants went to Naguabo. They both were on the premises together and, being partners and interested, and each the agent and conscious of the acts of the other, there was no reasonable theory on the facts of this case inconsistent with the guilt of the said defendants. In People v. Cofresí, 22 P. R. R. 696, cited by appellant, there

was no such relation between the parties from which a joint action could be inferred, nor any common interest or agency shown. In that case the evidence was entirely consistent with the owner of the shop acting alone without the intervention of his clerk, the other defendant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.